28-9052-00-3/PWD

# IN THE UNITED STATES DISTRICT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FILED: AUGUST 19, 2008
08CV4716
JUDGE ANDERSEN
MAGISTRATE JUDGE VALDEZ
BR

| | | |
|---|---|---|
| HOLLI JAKES, AS SPECIAL ADMINISTRATOR FOR THE ESTATE OF RICHARD J. RASMUSSEN, DECEASED,<br>          Plaintiff,<br>v.<br>MACARTHUR CO., AND SAFETY GROOVING AND GRINDING, LP,<br>          Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Cook County Circuit Court<br><br>No. 08 L 7094 |

## NOTICE OF REMOVAL

To: The Honorable Judges of the United States District Court of the Northern District of Illinois, Eastern Division

Petitioner, SAFETY GROOVING AND GRINDING, LP, a Defendant in the above-entitled cause, by and through its attorneys, CLAUSEN MILLER P.C., seeks removal of this civil action from the Circuit Court of Cook County, to the United States District Court for the Northern District of Illinois, states as follows:

1. On or about June 30, 2008, Plaintiff filed an action with the Circuit Court of Cook County, Illinois, under general no. 08 L 7094 against MACARTHUR CO., AND SAFETY GROOVING AND GRINDING, LP.

2. This notice is filed pursuant to 28 U.S.C. §§ 1446 (b), within 30 days of the receipt of answers to requests to admit concerning the amount in controversy, and within one year of the commencement of the action. (See Plaintiff's Response to Defendant's MacArthur Co., Rule 216 Request to Admit and Complaint at Law, attached hereto as Group Exhibit "A").

1

1196303.1

3. On information and belief, at the time the action was commenced, and since then, Plaintiff was and is a citizen of the State of Illinois.

4. At the time the action was commenced, and since then, Defendant, SAFETY GROOVING AND GRINDING, LP, was and is a Pennsylvania corporation.

5. Upon information and belief, at the time the action was commenced and since then, Defendant MACARTHUR CO., was and is a Minnesota corporation.

6. By her Response to Request to Admit, Plaintiff seeks compensatory damages "in excess of $75,000.00." Defendant, SAFETY GROOVING AND GRINDING, LP states on information and belief that the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. §1332, in that there exists complete diversity of citizenship between Plaintiff and all Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. This action may be removed to this court pursuant to the provisions of 28 U.S.C. §§1441(a) - (b), in that it is a civil action of which this district court has original jurisdiction and the Defendants/Petitioners are not citizens of the State of Illinois.

9. All Defendants who have been served consent to this Notice.

WHEREFORE, SAFETY GROOVING AND GRINDING, LP, prays that the above described cause of action pending in the Circuit Court of Cook County, Illinois be removed therefrom to the United States District Court for the Northern District of Illinois, Eastern Division, Chicago, Illinois, and that this cause proceed in this court as an action properly removed thereto.

                         *s/P. Scott Ritchie*

                         _____

                         One of the Attorneys for SAFETY
                         GROOVING AND GRINDING LLP

P. SCOTT RITCHIE
PAUL W. DAUGHERITY
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010

Attorneys for Defendant SAFETY GROOVING AND GRINDING LP


                         *s/John W. Potter*

                         _____

                         One of the Attorneys for MACARTHUR CO.

JOHN W. POTTER
LAW OFFICES OF BRUNO PARA
225 W. Washington St., Suite 1400
Chicago, Illinois 60606
312/827-2334

Attorneys for Defendant MACARTHUR CO.

## CERTIFICATE OF SERVICE

Please take notice that upon the 19th day of August, 2008, we have electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/VCF system, Safety Grooving and Grinding, LP's Notice of Removal, and notice of this filing will be sent to all parties by mail.

| Jared B. Staver<br>Staver & Gainsberg PC<br>120 W. Madison St., Suite 520<br>Chicago, IL 60602<br>(312) 422-1130<br>(312) 422-1132 (fax)<br>Attorneys for Plaintiff | John W. Potter<br>Law Offices of Bruno G. Para<br>225 West Washington St., Suite 1400<br>Chicago, IL 60606<br>(312) 827-2334<br>(312) 827-2301 (fax)<br>Attorneys for MacArthur Co. |
|---|---|

*Kathy A. Uram* (signature)

Subscribed and sworn to before me

this 19th day of August, 2008.

_____
Notary Public

"OFFICIAL SEAL"
KATHLEEN A. MURRAY
NOTARY PUBLIC, STATE OF ILLINOIS

P. SCOTT RITCHIE
PAUL W. DAUGHERITY
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010

4

1196303.1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| HOLLI JAKES, as Special Administrator for the Estate of RICHARD J. RASMUSSEN, DECEASED, | ) ) ) ) ) ) |
| Plaintiff, | ) No. 08 L 007086 |
| v. | ) ) ) |
| MACARTHUR CO., and SAFETY GROOVING AND GRINDING, LP, | ) ) ) ) |
| Defendants. | ) |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S, MACARTHUR CO., RULE 216 REQUEST TO ADMIT

NOW COMES the Plaintiff, HOLLI JAKES, as Special Administrator for the Estate of RICHARD J. RASMUSSEN, DECEASED, by and through her attorneys, Staver & Gainsberg, P.C., with her Response to Defendant's, MACARTHUR CO., Request to admit:

1. Plaintiff is seeking damages in excess of $75,000.00.

ANSWER: Plaintiff admits.



EXHIBIT
GROUP EXHIBIT
A

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

*Holli James*
HOLLI JAMES, as Special Administrator for the Estate of RICHARD J. RASMUSSEN, Deceased

Jared B. Staver
Neal S. Gainsberg
Staver & Gainsberg, P.C.
120 West Madison, Suite # 520
Chicago, Illinois 60602
(312) 422-1130
Attorney ID # 38688

SERVED
3:30 July 7TH   137514

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 (         ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)
Holli Jakes, as Special Administrator for the Estate of Richard J. Rasmussen, deceased,

v.

Macarthur Co., and Safety Grooving and Grinding, LP,

2008L007094
CALENDAR/ROOM
TIME 00:00
PI Motor Vehicle

No. _____

PLEASE SERVE:
Safety Grooving and Grinding, LP
1510 County Club Parkway
Elkhorn, WI 53121

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ____801____, Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ District 2 - Skokie<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ District 3 - Rolling Meadows<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ District 4 - Maywood<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ District 5 - Bridgeview<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ District 6 - Markham<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ Child Support<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 38688
Name: Staver & Gainsberg, P.C.
Atty. for: Plaintiff
Address: 120 W. Madison Street, Suite 520
City/State/Zip: Chicago, IL 60602
Telephone: (312) 422-1130

WITNESS, _____

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

HOLLI JAKES, as Special Administrator )
for the Estate of RICHARD J. RASMUSSEN, )
deceased, )
 )
       Plaintiff, )
vs. ) No.
 )
MACARTHUR CO., and SAFETY GROOVING )
AND GRINDING, LP, )
 )
       Defendants. )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, HOLLI JAKES, as Special Administrator for the Estate of RICHARD J. RASMUSSEN, deceased, by and through her attorneys, STAVER & GAINSBERG, P.C., complaining of the Defendants, MACARTHUR Co., and SAFETY GROOVING AND GRINDING, LP, and states as follows:

1. That Plaintiff, HOLLI JAKES, is a citizen of the state of Illinois, City of Lake Villa and oldest daughter of the deceased, RICHARD J. RASMUSSEN ("RICHARD").

2. That RICHARD's surviving spouse, Marale Rasmussen, is a citizen of Illinois, City of Wilmette, County of Cook.

3. That three additional surviving children of RICHARD, Regina Mathews, Aimee Rasmussen, and Mark Rasmussen, are citizens of the state of Illinois and reside in Cook County.

4. That Defendant, MACARTHUR Co., ("MACARTHUR") is a Minnesota Corporation, and a nationwide manufacturer and seller of all insulation and related accessories.

5. That at all relevant times, MACARTHUR has a registered agent in the State of Illinois, County of Cook and continues to transpire and do business in the State of Illinois, County of Cook.

6. That Defendant, Safety Grooving and Grinding, LP ("SAFETY"), is a subsidiary of Swank Associated Companies, Inc., ("SWANK") a Pennsylvania Co., and provides grinding services.

7. That at all relevant times, SAFETY as a subsidiary of SWANK has and continues to transpire and do business in the State of Illinois, County of Cook.

8. That on or about July 12, 2006, SAFETY was a contractor providing grinding services at U.S. Highway 53 at and around State Road 54 in the State of Wisconsin, Township of Galesville.

9. That at said time and place, SAFETY, by and through its employees and/or agents, was in control of and in charge of the traffic management for the construction of U.S. Highway 53 near State Road 54, including but not limited to, providing direction for vehicular traffic, stopping traffic along the construction site, and assisting both pedestrian and vehicular traffic through the construction site.

## COUNT I

*Holli Jakes, as Special Administrator v. Macarthur Co.*

10. That on or about July 12, 2006, RICHARD, was legally and lawfully standing in the construction zone for U.S. Highway 53 at the intersection of State Road 54 and U.S. Highways 53 in the State of Wisconsin, Township of Galesville.

3

11. That on July 12, 2006, Gary L. Nilson, as an employee and /or agent of MACARTHUR was operating a 2001 Mack Semi-Truck at the intersection of State Road 54 and U.S. Highway 53 in the State of Wisconsin, Township of Galesville.

12. That at all relevant times, Gary L. Nilson was a duly authorized agent of MACARTHUR and was operating the 2001 Mack Semi-Truck in the scope and course of his employment with MACARTHUR and on behalf of and for the benefit of MACARTHUR.

13. That at the aforesaid time and place, Nilson attempted to make a left-hand turn onto U.S. Highway 53 and, during the course of the turn, struck and ran over RICHARD, who was a pedestrian lawfully standing at or near State Road 54 and U.S. Highway 54.

14. That at all times material hereto, it was the duty of MACARTHUR and it agents/and or employees to exercise ordinary care for the safety of the person and property of others there and then upon said roadway and especially RICHARD.

15. That in violation of this duty, MACARTHUR and its duly authorized employee, Gary Nilson, acted or failed to act in one or more of the following ways, amounting to negligent conduct and violating the Motor Vehicle Laws of the State of Illinois and Federal Regulations under the Federal Motor Carrier Safety Act:

    a. Operated said motor vehicle without keeping a proper and sufficient lookout for pedestrians in and about the area, and more particularly for RICHARD;

    b. Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions in the use of the way, or which endangered the safety of RICHARD, in violation of the provisions of 625 ILCS 5/11-601;

4

 c. Failed to decrease the speed of said motor vehicle so as to avoid colliding with RICHARD, a pedestrian standing at the roadway thereat, contrary to and in violation of the provisions of 625 ILCS 5/11-601;

 d. Failed to equip said motor vehicle with proper brakes, contrary to and in violation of the provisions of 625 ILCS 5/12-301;

 e. Failed to yield the right-of-way to RICHARD, a pedestrian standing in the roadway thereat, and failed to take proper precautions upon observing RICHARD thereat, in violation of the provisions of 625 ILCS 5/11-1003;

 f. Failed to give audible warning with said motor vehicle's horn of the approach of said motor vehicle, although such warning was necessary to insure the safe operation of said vehicle, contrary to and in violation of the provisions of 625 ILCS 5/12-601;

 g. Failed to keep said motor vehicle under proper control and failed to stop, slow down or otherwise alter the speed, movement or direction of said vehicle when danger of collision with RICHARD was imminent;

 h. Operated said vehicle while under the influence of Cannabis;

 i. Allowed the operation of said semi-trailer greater than 53 feet on State Road 54, a non-designated roadway;

 j. Operated said semi-trailer after being on duty for greater than 14 hours in violation of the regulation 40 CFR 395.3(a)(2).

 k. Allowed the operation of a semi-trailer without said driver recording his duty-status in violation of the regulation 40 CFR 395.8.

 l. Hired or employed operators of Semi-Trucks, including, Gary Nilson herein that had driving records containing multiple convictions for operating Semi-Trailers in violation of Motor Vehicle Codes and previous suspensions of driving privileges.

 m. Otherwise acted in a careless or negligent manner.

16. That as a direct and proximate result of MACARTHUR and its agent, Gary Nilson's aforesaid careless and negligent acts and/or omissions, RICHARD was run over and killed, causing his spouse and children to lose RICHARD's

money, services, goods, support, companionship, and other economic and emotional damages.

WHEREFORE, Plaintiff, HOLLI JAKES, as Special Administrator for the Estate of RICHARD J. RASMUSSEN, prays for judgment against the Defendant, MACARTHUR CO., in an amount in excess of $50,000.00 dollars, plus court costs, attorney's fees, and for whatever other relief this court deems just and appropriate.

## COUNT II

*Holli Jakes, as Special Administrator v. Safety Grooving and Grinding, LP*

1-16. Plaintiff re-alleges paragraphs 1 thru 16 of Count I as paragraphs 1 thru 16 herein of Count II.

17. That on or about July 12, 2006, SAFETY's duly authorized agent and/or employee, Paul Weber, was providing traffic control, direction, and management at the intersection of State Highway Road 54 and U.S. Highway 53.

18. That at said time and place, RICHARD was legally and lawfully standing at the intersection of State Highway Road 54 and U.S. Highway 53 and speaking with Weber.

19. That at said time and place, Weber was notified of a problem with a grinding machine owned by SAFETY and operated by an employee/agent of SAFETY, and Weber decided to leave the intersection of State Highway 54 and U.S. Highway 53 to assist with the maintenance and operation of the grinding machine.

20. That at said time and place, Weber instructed RICHARD to provide traffic control, management, and direction at the intersection of State Highway 54 and U.S. Highway 53 until Weber was able to return.

21. That at all times material hereto, it was the duty of SAFETY and it agents and/or employees to exercise ordinary care for the safety of the person and property of others there and then upon said construction site and roadway and especially RICHARD.

22. That in violation of this duty, SAFETY and its duly authorized employees and or agents acted or failed to act in one or more of the following ways, amounting to negligent conduct:

   a. Provided traffic management and control at a construction site without the proper number of employees, equipment, and supplies;

   b. Failed to have the proper equipment, materials, and clothing, to assist the individuals that were instructed to provide traffic control and management;

   c. Failed to provide proper signage, flags, and cones, to prevent vehicular traffic from striking pedestrians and others inside the construction zone;

   d. Instructed RICHARD to provide traffic management and control without the proper training, equipment, and clothing for such duties;

   e. Directed RICHARD to provide traffic management and control;

   f. Failed to train its employees as to proper safety procedures in a construction zone, including protecting the safety of pedestrians lawfully within the construction zone;

   g. Failed to maintain proper safety procedures and/or plans for managing and controlling vehicular traffic in the area where construction was being performed on U.S. Highway 53.

   h. Otherwise acted in a careless or negligent manner.

23. That as a direct and proximate result of SAFETY and its agents and employee's aforesaid careless and negligent acts and/or omissions, RICHARD was run over

7

and killed, causing his spouse and children to lose RICHARD's money, services, goods, support, companionship, and other economic and emotional damages.

WHEREFORE, Plaintiff, HOLLI JAKES, as Special Administrator for the Estate of RICHARD J. RASMUSSEN, prays for judgment against the Defendant, SAFETY GROOVING AND GRINDING, LP, in an amount in excess of $50,000.00 dollars, plus court costs, attorney's fees, and for whatever other relief this court deems just and appropriate.

Respectfully submitted,

STAVER & GAINSBERG, P.C.

By: _____
Neal S. Gainsberg

Jared B. Staver
Neal S. Gainsberg
STAVER & GAINSBERG, P.C.
120 West Madison
Suite # 520
Chicago, Illinois 60602
(312) 422-1130
Attorney ID # 38688